UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JEFFERY A. DELAHUNT,                                              6:12-CV-988-TC

                    Plaintiff,

            v.                                                                         ORDER

CROP PRODUCTION SERVICES, INC.,

                    Defendant.

COFFIN, Magistrate Judge:

    This a disability discrimination action in which plaintiff asserts claims for violation of the Oregon Disability Act and the Oregon Family Leave Act. Plaintiff concedes the Oregon Family Leave Act claim should be dismissed. Plaintiff also brings a claim pursuant to Oregon common law for wrongful discharge.

    Presently before the court are defendant's motion (#25) for summary judgment and plaintiff's motions (#33, #50) to strike. For the reasons stated below, all of plaintiff's claims fail and this action is dismissed.

Page 1 - ORDER

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

**Factual Background**

Defendant is a federal motor carrier and, as such, is subject to both the Federal Motor Carrier Safety Regulations and the Oregon Department of Transportation regulations. Because defendant transports product which originates in another state, it is operating in interstate commerce and is a "motor carrier" subject to the Federal Motor Carrier Safety Regulations.

Defendant employs its DOT Delivery Drivers to transport product that originated in a state other than Oregon. All of defendant's DOT Delivery Drivers must possess a valid interstate commercial drivers license which necessarily includes a medical certification that the driver is physically able to operate commercial vehicles under Federal Motor Carrier Safety Regulations. Such a certification is only issued by a qualified medical examiner and there are no exceptions to this requirement.

Defendant hired plaintiff as a DOT Delivery Driver unaware of his epilepsy. Defendant became aware of plaintiff's epilepsy after he suffered seizures.

The Federal Motor Carrier Safety Regulations direct that, as a result of plaintiff's diagnosis of epilepsy, plaintiff could not be medically certified as physically qualified to perform commercial driving activities involving interstate commerce and therefore could not obtain an interstate commercial drivers license.

Plaintiff was terminated from his DOT Delivery Driver position as plaintiff has an established medical history and a clinical diagnosis of epilepsy and such condition barred him from driving commercial motor vehicles in interstate commerce.

## Discussion

Plaintiff asserts that after learning of plaintiff's diagnosis of epilepsy, defendant failed to reasonably accommodate that disability and instead terminated his employment as a DOT Delivery Driver. However, plaintiff has not adequately shown that a reasonable accommodation exists in the circumstances of this action .

Plaintiff argues for accommodation in a general fashion. Plaintiff contends that only 15 percent of plaintiff's former DOT Delivery Driver position involved the possession of a valid interstate commercial drivers license.  However, defendant has adequately shown for the purposes of this motion that driving in interstate commerce and possessing a valid interstate commercial drivers license is an essential function of plaintiff's former job as a DOT Delivery Driver. P. 2 and 4 of Affidavit of Curtis Dannen (#27); p.p. 16-18 of Reply (#39); p.p. 19 of Memo (#26).  Driving in interstate commerce and possessing a valid interstate commercial drivers license is a fundamental job duty of a DOT Delivery Driver and not a marginal function that may occur through the course of the job. Id.  Plaintiff's general argument for accommodation fails as an employer is not required to eliminate one or more essential job functions as an accommodation; such is not a reasonable accommodation. See, e.g., Honstein v. Metrowest Ambulance Service, Inc., 193 Or. App. 457, 461 (2004);  see also , e.g., Larkins v. CIBA Vision Corp., 858 F.Supp 1572, 1583 (N.D. GA 1994)( "[A]n accommodation that eliminates an essential function of the job is not reasonable") [1]; Gilbert v. Frank, 949 F.2d 637 (2nd Cir. 1991).

---

[1] ORS 659A.112-659A.139 of the Oregon Disability Act should be construed to the extent possible in a manner consistent with any similar provisions of the Americans with Disabilities Act. ORS 659A.139.

Page 4 - ORDER

Plaintiff also argues for accommodation somewhat more specifically by suggesting a job restructure. He contends that only 15 percent of plaintiff's job as a DOT Delivery Driver required driving in interstate commerce and that defendant should have accommodated plaintiff by offering him a job restructure that did not include interstate driving by assigning those functions to other drivers who did have an intestate commercial drivers license. As previously discussed, an accommodation that eliminates an essential function of the job is not reasonable. Although the accommodation of job restructuring can include reallocating nonessential functions, where essential functions are involved, as they are in the present action, an employer need not turn a full-time job into a part-time position; nor create a light duty position or a new permanent position. See, e.g., Mulloy v. Acushnet Co., (1st Cir. 2006);Honstein, supra, 193 Or. App. At 461; Fedro v. Reno, 21 F.3d 1391, 1394 (7th Cir. 1994) (employer not required to create new position for employee who can no longer perform essential job functions). [2]

Furthermore, a transfer or reassignment to another position may be a reasonable accommodation only if there is an open and existing position and the employee is able to perform all the essential functions of that existing position. See, e.g., Honstein, supra, 193 Or. App. At 461. As noted, an

---

[2]Although it is not necessary for the decision today, it should be noted that a transfer or reassignment to another position may be a reasonable accommodation only if there is an open and existing position and the employee is able to perform all the essential functions of that existing position. See, e.g., Honstein, supra, 193 Or. App. At 461.Plaintiff generally states in a declaration that defendant had discussions with plaintiff about other jobs and asked what plaintiff could do and a discussion took place regarding a job in the fertilizer plant and plaintiff expressed concerns about his asthma. P.p. 2-3 of Supplemental Declaration of Plaintiff (#50-1). Plaintiff also noted in his Supplemental Declaration that full time employees in the fertilizer plant were required to climb ladders more than 100 feet high and noted his epilepsy and muscle weakness in his right arm due to having the arm surgically reattached. . Id. At 3. Plaintiff was also told by defendant it did not have any jobs available for plaintiff. Id.

Page 5 - ORDER

employer is not required to create a new position as a reasonable accommodation.  Id.

## Conclusion

Plaintiff's motions (#33, #50) to strike are denied on their merits, and, in addition, because they are inconsequential to the outcome of the motion for summary judgment. Defendant's motion (#25) for summary judgment is allowed and this action is dismissed.

DATED this 22 day of November, 2013

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 6 - ORDER